**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Docket No.: 5:11CV44-V**

| | |
|---|---|
| HEATHER DAWN LEWIS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JURY TAMPERING DOE, )<br>      Defendant. )<br>_____ ) | **Memorandum and Order** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff has filed a pro se complaint and a motion to proceed in forma pauperis against a party identified only as "Jury Tampering Doe." (Documents ##1,2)

**I. Background**

Pro Se Plaintiff, Heather Dawn Lewis ("Lewis"), first became known to this Court in connection with a criminal prosecution within the same federal district court and division. *See United States v. Von Nothaus, et al.*, Civil Docket No. 5:09CR27-V. Following jury trial, Bernard von Nothaus ("von Nothaus") was convicted of violations of 18 U.S.C. §§371, 485, 486 and 2. Von Nothaus is currently on bond awaiting sentencing.

Lewis has been in the Statesville area for several weeks and has personally observed much of the von Nothaus trial. Unbeknownst to the undersigned, Lewis began approaching staff with questions before and during the course of trial. Lewis made informal verbal requests to the Jury Coordinator and Statesville Division Clerk's Office for certain records and information pertaining to the von Nothaus trial.

Plaintiff Lewis apparently wears many hats. Since the filing of the instant lawsuit, the Court

has been informed that Lewis initially represented to court personnel that she was a law student writing her "thesis" on von Nothaus. Lewis represented that she was a law student at Northwestern in the State of California. On another occasion, Lewis represented that she had traveled to North Carolina from Oklahoma. In at least one of her encounters with court personnel, Lewis failed to mention that she was affiliated with and / or an advocate of the Liberty Dollar Organization.[1] Lewis similarly omitted the fact that she is the bearer of Liberty Dollar silver certificates.

Following pronouncement of the guilty verdict on March 18, 2011, Lewis became more aggressive in her quest for information. Several days later, Lewis phoned the District Jury Administrator, presumably Defendant "Jury Tampering Doe," and inquired about how she could obtain juror information. Lewis was advised that she would need to file a written motion and make her request to the presiding judge. Lewis also requested copies of any videotape recordings of footage taken in connection with the trial but was told that the security cameras were not in place for the purpose of recording the trial.

On March 31, 2011, Lewis approached the Statesville Clerk's Office again with a similar request for juror materials. More specifically, Lewis asked for the original list of jurors summonsed for the March 2011 Statesville trial term. Lewis also asked for the names and contact information

---

[1] The extent of Lewis's involvement with the Liberty Dollar Organization is unknown. During a bond review hearing held before this Court on February 9, 2011, concerning von Nothaus, the defense presented an Affidavit also dated February 9, 2011, from a "Heather Dawn Lewis." The affidavit was proffered in response to a claim by the Government that von Nothaus was continuing to maintain a website that promoted the Liberty Dollar in violation of his conditions of bond. The Lewis Affidavit identified Lewis as the owner of the website "www.LibertyDollarSLO.com." (Lewis Aff. ¶2) Lewis averred that she copied the website "LibertyDollar.org" to create "www.LibertyDollarSLO.com." (Lewis Aff. ¶3) Lewis stated that her sole purpose was to preserve the information contained on the Defendant's Liberty Dollar website. (Lewis Aff. ¶¶4,7,8)
  Reportedly, Lewis also accompanied Bernard von Nothaus to the Statesville Division Courthouse on Friday, April 1, 2011, to file a *Pro Se* Addendum to his Motion for New Trial filed by defense counsel.

for the array of jurors who actually served in the case. The Deputy Clerk shared with Lewis that she was unable to release the information and that only the presiding judge could authorize disclosure.

When her efforts were not fruitful in Statesville, Lewis traveled to the Charlotte Division seeking a more favorable decision. Later in the day, Lewis appeared in the Charlotte Division and asked to see the District Jury Administrator. Lewis, accompanied by an unidentified male, met with the Jury Administrator at length. The Jury Administrator explained the district's jury plan as well as the procedure for requesting juror information. Lewis was advised that the Jury Administrator could <u>not</u> disclose any juror information without direction from the Court.

On April 4, 2011, Lewis appeared in the Statesville Division once again.[2] Lewis submitted a document entitled "Complaint; Trespass On The Case, Trespass To Chattels[,] Conversion, Negligence, and Negligence Per Se" for filing. (Compl. at 1.) In addition, Lewis presented to the Deputy Clerk correspondence dated April 2, 2011 (designated "Request for Juror Information") addressed to the undersigned and purporting to be from "Max Price."[3] Lewis asked that the letter be given to the undersigned along with a copy of her Complaint.

Plaintiff's Complaint states that she is "the bearer of Liberty Dollar Silver Certificates which lawfully entitles her to silver currently in possession of the U. S. Department of Justice." (Compl., Nature of Case at 2.) Plaintiff asserts violations of the Fourth (unreasonable search and seizure) and Fourteenth (denial of pre-deprivation process) Amendments of the United States Constitution as well

---

[2] Monday, April 4, 2011, was the same day the undersigned presided over the criminal forfeiture phase of 5:09CR27-V that had been carried over from Friday, March 18, 2011.

[3] Mr. Price's letter will be addressed in due course. The letter requests the "names, addresses and contact details of the twelve jurors and the four alternates along with copies of the individual jury questionnaires that were completed for the trial of US v. Bernard von NotHaus"; "copies of all jury questionnaires that were sent"; "Pool Status Report"; and "the payment report showing who was actually paid for being present at the trial."

as violation of 18 U.S.C. §1503. Plaintiff seeks monetary damages in the amount of $100,000.00. (Compl., Remedy Requested at 6.)

Lewis asks the Court for *in forma pauperis* status and has made numerous requests for issuance of subpoenas at government expense since the filing of her Complaint.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an in forma pauperis complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

Similarly, in order to state a claim upon which relief may be granted, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In considering the plausibility of a claim, the court must disregard conclusory statements unsupported by factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1951.

Pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994) (*citing* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

Notwithstanding liberal construction, the Court finds that the Complaint in this case falls within the ambit of Section 1915(e)(2)(B).[4] Plaintiff alleges throughout her Complaint that Defendant "Jury Tampering Doe" interfered with the jury verdict in various ways "through the commission of embracery." (Compl. at 2-5.) Within each cause of action, including the statutory claim pursuant to 18 U.S.C. §1503, the loss of private property is asserted as the primary harm.[5] Despite Plaintiff's various claims, her characterization of each cause of action, and the legalease employed, Plaintiff's objective in commencing this civil lawsuit appears to be the protection of her property interest in the silver subject to forfeiture by the Government.[3] Read liberally, the factual allegations contained within Plaintiff's Complaint are more appropriately construed as a Petition to Assert a Third-Party Interest pursuant to 21 U.S.C. §853(n) and Fed. R. Crim. P. 32.2(c), which does not create a private right of action. This aspect of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff's claim that the von Nothaus jury was tampered with by the District Jury Administrator is likewise without merit and may be deemed frivolous. The statute cited within Plaintiff's fifth cause of action, 18 U.S.C. §1503, provides in part:

---

[4] As a result, the Court does not reach the question of Plaintiff's indigency status. *See* Graham v. Riddle, 554 F.2d 133, 134 (4th Cir.1977) (court may deny leave to proceed *in forma pauperis* when petition or complaint is determined to be frivolous); 28 U.S.C. §1915(e)(2)(B)(i).

[5] The Complaint contains no less than eight (8) references to Plaintiff's alleged property interest: "the possible loss of valuable private property"; "the loss of private property"; "the loss of Plaintiff's ability to obtain possession of Plaintiff's private property"; "to obtain possession of Plaintiff's property of value"; "permanent loss of private property"; "possession of property and her ownership rights"; "conversion of private property"; and "the loss of private property." (Compl. at 2-5.)

[3] Lewis may also purport to have an interest in collaterally attacking the criminal conviction of Von Nothaus as she complains of "interference in the loss of her constitutionally protected right to barter, to use private voluntary currency...." (Compl. at 2; Cause of Action #4 at 4-5.) However, aside from her status as a potential third-party claimant pursuant to 21 U.S.C. §853(n) and Fed. R. Crim. P. 32.2(c), Lewis has no standing in the criminal action.

> (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice ...
> – shall be guilty of an offense against the United States.

Beyond the bare assertion by Lewis that the jury was tampered with, there is no factual allegation before this Court to indicate that any improper influence might have shaped the jury's guilty verdict or obstructed in its rendering in any way. *See* Iqbal, 129 S.Ct. at 1951 (complaint should be dismissed when its claims only permit the Court to infer "the mere possibility of misconduct"). Lewis is simply unhappy with the result.

Moreover, to the extent Lewis, via the Max Price letter, is also making a formal request for the disclosure of juror information with reference to Criminal Docket No.: 5:09CR27-V, the request is denied without prejudice. *See* FED. R. CRIM. P. 606(b).

Accordingly, Plaintiff's Complaint will be dismissed with prejudice.[4]

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is <u>dismissed with prejudice</u>.

---

[4] Likewise, Lewis was unsuccessful in previous litigation commenced against the United States, in which she challenged.

Signed: April 20, 2011

Richard L. Voorhees
United States District Judge